Terry William ALLEN, et al.,
Appellants,

v.

CROCKER NATIONAL BANK, et al., Appellees.

No. 83–6088.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 1984.

Decided May 14, 1984.

---

* The panel finds this case appropriate for submission without argument pursuant to 28 U.S.C.A.

9th Cir.R. 3(a) and Fed.R.App.P. 34(b).

Jonathan B. Cole, Sherman Oaks, Cal., for appellants.

Dennis C. Brown, Munger, Tolles & Rickershauser, William R. Francis, John W. Harris, Harris & Salica, Los Angeles, Cal., for appellees.

Before GOODWIN, SNEED, and ALARCON, Circuit Judges.

PER CURIAM.

Plaintiffs' former lawyer prepared their tax returns, had their refund checks mailed to him, endorsed the checks without authorization, and kept the money. Plaintiffs assert they have a federal private right of action against the banks which cashed the checks.

Title 31 U.S.C. § 3343 creates a revolving fund from which the Treasury can reimburse payees whose government checks were negotiated over an unauthorized endorsement. Any sums later recovered by the Treasury are credited to the revolving fund. The plain language of § 3343 does not authorize a federal private right of action against banks that wrongly cash government checks. Plaintiffs claim that a federal right of action must be implied in order to allow them to make the showing of delay in reimbursement required under § 3343(b)(4). However, plaintiffs' pursuit of their state law claims in state court would be sufficient basis for making the required determination of delay. Moreover, legislative history clearly indicates that no private right of action against banks receiving payment on the original checks was intended. It states,

This bill in no way affects ... the liability of the parties who received the payment on the original check.

H.R.Rep. No. 1113, 77th Cong., 1st sess. 901 (1941). Because Congress neither expressly nor by implication intended to create a private right of action, the district court's dismissal is affirmed. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575–76, 99 S.Ct. 2479, 2488–89, 61 L.Ed.2d 82 (1979).

Plaintiffs further claim that 31 C.F.R. §§ 240 *et seq.*, as regulations implementing 31 U.S.C. § 3343, provide a private right of action. The regulations do not expressly provide a private right of action, and because the statute does not provide the private right of action sought by plaintiffs, the regulations cannot implicitly pro-

vide it. *Touche Ross,* 442 U.S. at 577 n. 18, 99 S.Ct. at 2489 n. 18.

Finally, plaintiffs claim that federal law should control the propriety of endorsements on government checks. Although federal law governs the rights and duties of the United States concerning its commercial paper, *see, e.g., Clearfield Trust Co. v. United States,* 318 U.S. 363, 366, 63 S.Ct. 573, 574, 87 L.Ed. 838 (1943), in disputes between private parties state law should govern absent a Congressional pronouncement or a more direct impact on the United States than present in this case. *Bank of America v. Parnell,* 352 U.S. 29, 33–34, 77 S.Ct. 119, 121, 1 L.Ed.2d 93 (1956) (rule on liability of a converter as between private parties has impact too speculative to justify application of federal law). Although the states may well have less interest than the United States in regulating the proper endorsement of government checks, it is for Congress, not this court, to create a private right of action to assist the Treasury in policing the banks.

Affirmed.